of a will, from the nature of the instrument. On the contrary, it is caused by the express terms of the deed, and the vested right to the future enjoyment passes at once to the grantee. The deed operates in præsenti, and the grantee has an immediate interest. The will operates in futuro, and the devisees and legatees "take no interest whatever" until the decease of the testator calls the instrument into operation. 1 Jarm. Wills (5th Am. Ed.) pp. 26, 28. It follows that no action to recover the penalty can be brought by the devisee or legatee, at least before the death of the testator.

The respondent also claimed a right to recover the penalty as heir. Whether an heir, as such, may recover the penalty in any case, it is not necessary here to decide; but that the mere expectancy of the heir, or his inchoate right to take by descent or distribution, does not ripen into a legal interest in the property before the death of his ancestor, is perfectly plain. And that by interest the legislature had in mind an actual, legal interest, and not one which, at best, is only remote and contingent, I am entirely clear. It is satisfactory to know that this is the first action of the kind ever brought in this state; but, while the statute remains unrepealed, our sympathy for subscribing witnesses should not cause us to disregard the true rules of statutory construction, and enlarge the scope of a statute which, at best, is a hardship on those who, while gratuitously performing a somewhat thankless task, without actual fault on their part, render themselves liable to a penalty at the hands of the very persons they benefit.

For the reasons above stated, I think no action to recover the penalty accrued to the respondent before the decease of the testator, in 1897; that consequently the statute of limitations is not a bar to his action; and that the judgments should be affirmed.

BARTLETT, J., concurs.

---

(27 Misc. Rep. 190.)

### KERR v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. April 21, 1899.)

EVIDENCE—PUBLIC RECORDS.

    In an action against a street-railway company for injuries to a horse and wagon through a collision with a car, entries on a blotter of the police department, purporting to be the report of a police officer, respecting the conduct of the motorman at the time of the accident, are not admissible, as such a blotter is not a public record.

Appeal from city court of New York, general term.

Action by John Kerr against the Metropolitan Street-Railway Company. A judgment entered on a verdict in favor of plaintiff was affirmed by the general term of the city court (55 N. Y. Supp. 1142), and defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN, J.

Henry A. Robinson, for appellant.

Foley & Wray, for respondent.

MacLEAN, J.    In an action brought to recover damages for injuries to a horse and wagon through collision with a car of the defendant, the plaintiff was allowed, contrary to the defendant's objection and exception, to introduce, and have read in evidence, from a blotter of the police department, an extract purporting to be the report of a police officer respecting, among other things, the conduct of the motorman at the time of the accident.    Even were it not proven, as it was by his own testimony, that the officer did not see the occurrence, the reception in evidence of the blotter, wherein the motorman's conduct was characterized as reckless and causative of the accident, was error prejudicial to the defendant.    It was, at best, but a record required for specific purposes, and not a public record, in such sense as to make its contents evidence of the facts between private parties.    The judgment of the general term of the city court should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.

FREEDMAN, P. J., concurs.